**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

                                                )
JAMIL AHMAD SAEED,                              )
                                                )
                        Petitioner,             )
                                                )
        v.                                       )        Civil Action No. 05-2386  (RBW)
                                                )
BARACK H. OBAMA,                                )
President of the United States, et al.,         )
                                                )
                        Respondents.            )
_____)


## ORDER

The Court having considered the Respondents' Emergency Motion to Reconsider the

Court's Order of May 1, 2009, and the Court finding, in accordance with the memorandum

opinion recently issued by the Honorable Alan Kay of this Court in Al Wady v. Obama, Civil

Action No. 08-CV-01237 (RMU) (AK), 2009 WL 1209067 (D.D.C. May 1, 2009), that the

procedures employed by the Joint Task Force-Guantanamo (the "Joint Task Force") to facilitate

interaction between counsel and individual petitioners, as articulated by the respondents in their

emergency motion and in the declaration of Commander Don A. Martin (the "Martin

Declaration" or "Martin Decl.") attached as Exhibit 1 thereto, do not adequately ensure that the

rejection of counsel by an individual petitioner is knowing and voluntary, it is

        **ORDERED** that the respondents' motion is **DENIED**.  It is further

        **ORDERED** that the Department of Defense shall take whatever steps are necessary to

ensure that counsel for the petitioner is permitted to visit with the petitioner face-to-face during

counsel's visit to the Guantanamo Bay Naval Base on May 19-20, 2009, including (1) approving

his pending request to travel to Guantánamo Bay, Cuba, on May 18, 2009, and (2) arranging for a face-to-face meeting between counsel and the petitioner on May 19 or 20, 2009.  It is further

**ORDERED** that the meeting between counsel and the petitioner to take place on May 19 or May 20, 2009, shall be held at a designated "meeting place," as that term is intended in paragraph 6 of the Martin Declaration.[1]  It is further

**ORDERED** that if the Joint Task Force concludes that the petitioner is likely to reject any request to meet face-to-face with counsel, it may transfer him to the designated meeting place described above without informing him of the purpose of his transfer, but that under no circumstances shall the Joint Task Force prevent counsel from meeting face-to-face with the petitioner.  It is further

**ORDERED** that the Joint Task Force shall take whatever steps are necessary to ensure that the safety of the petitioner's counsel is not endangered during his meeting with the petitioner, including, if necessary, posting guards at the designated meeting place or placing the petitioner in restraints if the Task Force believes that he may become violent during his face-to-face meeting with counsel.  It is further

**ORDERED** that the petitioner's motion to terminate the stay of his habeas corpus petition is **DENIED**.

**SO ORDERED** this 12th day of May, 2009.

REGGIE B. WALTON
United States District Judge

---

[1]  As stated in the Martin Declaration, "if the detainee elects to meet with counsel, the detainee is transported from his current location to the meeting place.  Normally, counsel/detainee meetings take place at Camp Echo, a location specifically designed to facilitate such meetings in a secure and safe environment."  Martin Decl. ¶ 6.